IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GIOVANNI GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>EL COMPADRE TRUCKS, INC.,<br>AND YUKARI MAKI,<br><br>Defendants. | CIVIL ACTION FILE<br>NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff **GIOVANNI GARCIA** ("Garcia"), through his counsel, Stephen M. Katz, **THE KATZ LAW GROUP, LLC** and for her Complaint, states:

## NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## PARTIES

2.

Garcia lives in the Northern District of Georgia.

3.

**EL COMPADRE TRUCKS, INC.** ("El Compadre") is a Georgia corporation with its principal office and place of business in Georgia. El Compadre can be served by delivering a copy of the Summons and the Complaint to Yukari Maki, its Registered Agent, at 5690 Buford Highway, Doraville, Georgia 30340.

4.

El Compadre regularly conducts business in the Northern District of Georgia.

5.

Defendant Yukari Maki ("Maki") lives in the Northern District of Georgia and is an owner and officer of El Compadre. Maki can be served by delivering a copy of the Summons and Complaint to him at 5690 Buford Highway, Doraville, Georgia 30340.

6.

Maki is involved in the day-to-day operations and has substantial operational control over El Compadre, including, without limitation, the policies governing Garcia.

–2–

7.

Maki exerts substantial control over El Compadre's compliance with the Fair Labor Standards Act.

8.

Maki has the power to hire and fire employees, including, without limitation, Garcia, and individuals employed by El Compadre in the same capacity as Garcia.

9.

Maki controls employee work schedules or conditions of employment including, without limitation, Garcia, and individuals employed by El Compadre in the same capacity as Garcia.

10.

Maki determines the rate and method of payment for employees including, without limitation, Garcia, and individuals employed by El Compadre in the same capacity as Garcia.

11.

At all times relevant to this action, Maki oversaw and had responsibility for maintaining employment records including, without limitation, employment records of Garcia, and individuals employed by El Compadre in the same capacity as Garcia.

12.

El Compadre maintains, and, at all times relevant hereto,

maintained an office in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Georgia.

13.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

14.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

15.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee. . ."

16.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

17.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation

–4–

and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## JURISDICTION

18.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

19.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

20.

Garcia was employed by Defendants or their predecessors-in-interest from September 6, 2011 until September 10, 2014.

21.

Garcia worked as an outside salesman and promotions clerk without any overtime compensation for hours appointments worked in excess of 40 hours for any given week.

22.

Throughout Garcia's employment, Defendants compelled Garcia to work a regular schedule of 55.50 hours per week, i.e. Mon-Fri. 11:00

a.m. until 8:00 p.m. and Saturday, 10:30 a.m. until 9:00 p.m.

23.

At all times relevant to this action, Defendants have refused to pay Garcia overtime compensation.

24.

Garcia did not have discretionary authority in his position and was a non-exempt employee as that term is defined and interpreted under the FLSA.

25.

While employed by Defendants, Garcia has consistently worked 55.50 hours each workweek.

26.

Defendants deliberately failed to provide Garcia with overtime compensation for hours worked in excess of 40 hours in any given week in 2011, 2012, 2013, and 2014.

### CLAIMS FOR RELIEF

### COUNT I

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

27.

Garcia incorporates the allegations contained in paragraphs 1 through 26 of this Complaint as though the same were fully set forth at length herein.

28.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Garcia, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

29.

Garcia was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

30.

Garcia was not an exempt employee under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

31.

Defendants' violations of the overtime pay requirements set forth in the FLSA were and are systematic, voluntary and willful.

32.

Defendants owe Garcia, overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## Count II

33.

Garcia incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though the same were fully set forth at length herein.

34.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

35.

Garcia is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to Defendants' violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Garcia demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated the FLSA;

3. Judgment in favor of Garcia and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated (double) damages;

4. Pursuant to § 216(b) of the Act, judgment in favor of Garcia and against Defendants, jointly and severally, for reasonable attorneys fees;

5. Judgment in favor of Garcia and against the Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of Garcia and against the Defendants, jointly and severally, for all costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., TRIAL BY JURY on all claims on

which a jury trial is available**;**

8.      Such other, further and different relief as this Court deems appropriate.

This 14th  day of July, 2015.


By: **_/s/ Stephen M. Katz_**
          Stephen M. Katz
          Georgia Bar No. 409065

Attorney for Giovanni Garcia

**THE KATZ LAW GROUP** LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone: 770.988.8181
Email: smkatz@smk-law.com

10