No. _____

---

# In The
# Supreme Court of the United States

Greg Landers,
*Petitioner,*

v.

Quality Communications, Inc., Brady E. Wells, and
Robert J. Huber,
*Respondents.*

---

On Petition For A Writ Of Certiorari To The United
States Court Of Appeals For The Ninth Circuit

---

## PETITION FOR A WRIT OF CERTIORARI

---

Adam W. Hansen
  *Counsel of Record*
Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 256-3207
ahansen@nka.com

Leon Greenberg
Leon Greenberg
Professional Corporation
2965 South Jones Blvd
Suite E4
Las Vegas, NV 89146
(703) 383-6085

(i)

## QUESTION PRESENTED

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Following this Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "lower federal court decisions seeking to apply the new 'plausibility' standard [have been] wildly inconsistent with each other, and with the conflicting decisions of the Supreme Court." *McCauley v. City of Chicago*, 671 F.3d 611, 622 (7th Cir. 2011) (Hamilton, J., dissenting).

In particular, the level of detail necessary to plead an overtime claim under the Fair Labor Standards Act ("FLSA") "has divided courts around the country." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). There is "no consensus on what facts must be affirmatively pled to state a viable FLSA claim post-*Twombly* and *Iqbal*." *Landers v. Quality Communications*, 771 F.3d 638, 642 (9th Cir. 2014).

The question presented is:

Whether plaintiffs seeking overtime under the FLSA must support their allegations with detailed facts demonstrating the time, place, manner, or extent of their uncompensated work; or whether it is sufficient if plaintiffs' allegations give defendants fair notice of plaintiffs' claim for overtime and the grounds upon which it rests.

(ii)

## PARTIES TO THE PROCEEDINGS

Petitioner Greg Landers was the plaintiff in the district court and appellant in the Ninth Circuit. Respondents Quality Communications, Inc., Brady E. Wells, and Robert J. Huber were defendants in the district court and appellees in the Ninth Circuit.

(iii)

## TABLE OF CONTENTS

OPINIONS BELOW ............................................. 1

STATEMENT OF JURISDICTION ...................... 1

STATUTORY PROVISIONS INVOLVED ............ 1

STATEMENT ...................................................... 1

REASONS FOR GRANTING THE PETITION .. 13

I.  THIS COURT SHOULD GRANT REVIEW TO RESOLVE THE CONFLICT OVER WHETHER PLAINTIFFS SEEKING OVERTIME UNDER THE FLSA MUST SUPPORT THEIR ALLEGATIONS WITH DETAILED FACTS DEMONSTRATING THE TIME, PLACE, MANNER, OR EXTENT OF THEIR UNCOMPENSATED WORK. ................................ 13

A.  The Lower Courts Are In Disarray ........... 14

1.  *Twombly*, *Iqbal*, and pleading claims for overtime ........................... 15

2.  *Twombly*, *Iqbal*, and confusion generally .............................................. 20

B.  The Ninth Circuit's Decision Conflicts Irreconcilably with the Federal Rules and the Decisions of this Court ................ 23

C.  The Question Presented Is Important and Recurring ........................................... 26

CONCLUSION ................................................... 26

(iv)

APPENDIX............................................................1a

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ....................................................1a

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) ............................................22a

*Landers v. Quality Commc'ns, Inc.,* No. 2:11–CV–1928, slip op. (D. Nev. Apr. 6, 2012)...........42a

*Landers v. Quality Commc'ns, Inc.*, No. 2:11–CV-1928, Complaint (D. Nev. Dec. 1, 2011)......46a

*Landers v. Quality Commc'ns, Inc.*, No. 2:11–CV-1928, Motion to Dismiss Complaint (D. Nev. Dec. 27, 2011) ............................................56a

*Landers v. Quality Commc'ns, Inc.*, No. 2:11–CV-1928, Response in Opposition to Motion to Dismiss Complaint (D. Nev. Jan. 12, 2012)..66a

*Landers v. Quality Commc'ns, Inc.*, No. 2:11–CV-1928, Reply to Response in Opposition to Motion to Dismiss Complaint (D. Nev. Jan. 23, 2012) ............................................................77a

(v)

# TABLE OF AUTHORITIES

### CASES

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)....................................25

*Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8 (D.C. Cir. 2008) .............................................15, 21

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......... *passim*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)............................................ *passim*

*Boykin v. Keycorp*, 521 F.3d 202 (2d Cir. 2008) ..................................................14

*Brown v. Bd. of Educ.*, 347 U.S. 483 (1954)........22

*Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662 (D. Md. 2011)...........................16

*Gomez v. Toledo*, 446 U.S. 635 (1980) ................10

*Conley v. Gibson*, 355 U.S. 41 (1957) ........8, 20, 24

*Crawford-El v. Britton*, 523 U.S. 574 (1998).......10

*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236 (3d Cir. 2014).....................................15–16, 19–20

*Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944) ...............................................7–8

*Doe v. Butte Valley Unified Sch. Dist.*, No. CIV. 09-245 WBS CMK, 2009 WL 2424608, (E.D. Cal. Aug. 6, 2009) .....................................21

*Erickson v. Pardus*, 551 U.S. 89 (2007).......*passim*

*Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774 (3d Cir. 2009)..................................20

(vi)

*Hamilton v. Palm*, 621 F.3d 816 (8th Cir. 2010) ...................................................................21

*Hill v. McDonough*, 547 U.S. 573 (2006)..............10

*Houston v. JT Private Duty Home Care, LLC*, No. 2:14–cv–245–FTM–38, 2014 WL 4854528 (M.D. Fla. Sept. 29, 2014)....................................17

*Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014) ............................................................11

*Jones v. Bock*, 549 U.S. 199 (2007).......................10

*Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012) .......................................................................20

*Lagos v. Monster Painting, Inc.*, No. 2:11–CV–00331–LRH–GWF, 2011 WL 6887116 (D. Nev. Dec. 29, 2011)...................................12, 19

*Landers v. Quality Communications*, 771 F.3d 638 (9th Cir. 2014)..............................*passim*

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) ...................................................*passim*

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) ..................18–20

*Martinez v. Regency Janitorial Services Inc.*, No. 11–C–259, 2011 WL 4374458 (E.D. Wis. Sept. 19, 2011).....................................................17

*McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011) .............................14–15, 20, 22–23

*Mitial v. Dr. Pepper Snapple Group*, No. 11–81172–CIV, 2012 WL 2524272 (S.D. Fla. June 29, 2012)...................................................17

(vii)

*Monroe v. FTS USA, LLC*, No. 2:08–CV–02100–BBD–DK, 2008 WL 2694894 (W.D. Tenn. July 9, 2008) .............................................17

*Pope v. Walgreen Co.*, No. 3:14–CV–439, 2015 WL 471006, at   (E.D. Tenn. Feb. 4, 2015) ...................................................................17

*Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012) ...............................................................18

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008) .....................................................16

*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) ........................................................20–21

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .........................................................*passim*

*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009) .....................................20

*United States v. Gaubert*, 499 U.S. 315 (1991) .................................................................8

*West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85 (3d Cir. 2010) .....................21

### STATUTES AND REGULATIONS

28 U.S.C. § 1254 ....................................................1

29 U.S.C. § 207(a)(1) ...........................................15

### RULES

Fed. R. Civ. P. 8(a)(2) ..................................*passim*

Fed. R. Civ. P. 12(b)(6)...........................................8

### MISCELLANEOUS

Charles E. Clark, *The New Federal Rules of Civil Procedure: The Last Phase—Underlying Philosophy Embodied in Some of the Basic*

(viii)

*Provisions of the New Procedure*, 23 A.B.A.J. 976 (1937) ................................................................ 7

Walter Wheeler Cook, *Statements of Fact in Pleading Under the Codes*, 21 Colum. L. Rev. 416 (1921) ................................................................ 22

Colleen McMahon, *The Law of Unintended Consequences: Shockwaves in the Lower Courts After* Bell Atlantic Corp. v. Twombly, 41 Suffolk U. L. Rev. 851 (2008) ........................... 4

Arthur R. Miller, *From* Conley *to* Twombly *to* Iqbal*: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1 (2010) ....... *passim*

Alex Reinert, *Pleading as Information-Forcing*, 75 Law & Contemp. Probs. 1 (2012) ..... 22

Weinstein & Distler, *Comments on Procedural Reform: Drafting Pleading Rules*, 57 Colum. L. Rev. 518 (1957) ................................ 6

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1220 (3d ed. 2004) ....................................................... 7–8

1

## PETITION FOR A WRIT OF CERTIORARI

Petitioner Greg Landers respectfully requests that this Court issue a writ of certiorari to review the judgment of the United States Court of Appeals for the Ninth Circuit.

## OPINIONS BELOW

The amended opinion of the United States Court of Appeals for the Ninth Circuit is reproduced at App. 1a. The original Ninth Circuit opinion is available at *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014) and is reproduced at App. 22a. The district court's opinion is reproduced at App. 42a.

## STATEMENT OF JURISDICTION

The United States Court of Appeals for the Ninth Circuit issued its Opinion and Final Judgment on November 12, 2014. App. 22a. The Ninth Circuit recalled the mandate and issued an amended order and opinion on January 26, 2015. App. 1a. This Court has jurisdiction pursuant to 28 U.S.C. § 1254(1).

## STATUTORY PROVISIONS INVOLVED

Federal Rule of Civil Procedure 8 provides, in relevant part: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

## STATEMENT

Imagine a plaintiff files a complaint containing the following allegations:

2

1. I, John Doe, worked as a clerk for the past three years at a grocery store owned and operated by Defendant Smith.

2. I worked more than forty hours a week.

3. During my employment, my employer required his employees to clock out at the end of their scheduled shifts and continue working off the clock until the assigned work was completed.

Does the complaint state a valid claim under Rule 8?

Astonishingly, the answer to that simple question sharply divides the federal courts. That division, in turn, stems from a fundamental disagreement among judges over the breadth and scope of this Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

On the one hand, the complaint, while not rich in narrative factual detail, gives clear notice of the who (Smith), what (overtime), when (during the last three years), where (at the store), how and why (due to the employer's policy of requiring off-the-clock work). The complaint provides notice of the manner in which the defendant broke the law, and alleges facts which, if proven, would sustain a finding of liability.

On the other hand, jurists who take an expansive view of *Twombly* and *Iqbal* would find the complaint insufficient. In their view, much of the complaint would not be entitled to the presumption of truth because the complaint supposedly parrots the elements of the statute ("I worked more than forty hours a week") and makes statements deemed too "generalized" or

3

"conclusory" ("[M]y employer required its employees to clock out after reaching forty hours"). Moreover, the complaint, on this view, would fail to marshal enough facts to render the claim "plausible." Courts taking this view, like the panel below, would fault the complaint for failing to allege additional facts, such as:

- Alleging "that [the plaintiff] worked more than forty hours in a *given workweek* without being compensated for the overtime hours worked during *that* workweek[.]" App. 16a (emphasis added).

- "[E]stimating the length of [the plaintiff's] average workweek during the applicable period[.]" App. 17a.

- Estimating the "frequency of [the plaintiff's] unpaid work[.]" App. 20a.

- Estimating "the average rate at which [the plaintiff] was paid[.]" App. 17a.

- Estimating "the amount of overtime wages [the plaintiff] believes [he] is owed[.]" App. 17a.

Which side is right? The Question Presented, which seeks to capture the substance of this fundamental disagreement, bears repeating here: Whether plaintiffs seeking overtime under the Fair Labor Standards Act ("FLSA") must support their allegations with detailed facts demonstrating the time, place, manner, or extent of their uncompensated work; or whether it is sufficient if plaintiffs' allegations give defendants fair notice of

4

plaintiffs' claim for overtime and the grounds upon which it rests.

Simply put, the persistent disagreement on such a basic, foundational question of civil pleading is intolerable to courts, parties, and practitioners who have to deal with it every day. One federal judge summarized the prevailing sentiment best: "[W]hat was once uniform dogma about the pleading standard for most causes of action is being fragmented on a circuit-by-circuit—or sometimes a judge-by-judge—basis. We district court judges suddenly and unexpectedly find ourselves puzzled over something we thought we knew how to do with our eyes closed: dispose of a motion to dismiss a case for failure to state a claim." *See* Colleen McMahon, *The Law of Unintended Consequences: Shockwaves in the Lower Courts After* Bell Atlantic Corp. v. Twombly, 41 Suffolk U. L. Rev. 851, 852–53 (2008).

A brief description of the background and procedural history of this case follows. Section One describes the allegations contained in Petitioner's complaint. Section Two provides background on the pleading standards contained in Federal Rule of Civil Procedure 8. Section Three summarizes the procedural history of this case and the decisions below.

1. Petitioner's complaint, of course, runs in parallel to the hypothetical example discussed above.

The complaint describes Respondents as "providing electrical contracting services to the cable television industry, *e.g.*, installing, constructing, maintaining, modifying, various electrical installations, including . . . those

5

involving cable television service, computer
internet (DSL) service and telephone service." App.
50a. The pleading identifies Petitioner as "an
employee of [Respondents]" working as a "cable
service installer[]" or "cable service technician[]),"
where he provided "such services to [Respondents']
customers," and "worked more than 40 hours per
week for [Respondents.]" App. 48a, 50a, 54a.

Petitioner alleges Respondents broke the law
in two ways: first, by falsifying payroll records to
show that full overtime was paid when in reality
little or no overtime was paid; and second, by
requiring employees to perform work off the clock
and without pay.

According to the complaint, "[t]he
compensation system used by [Respondents] for
[Petitioner] and those similarly situated was a *de
facto* 'piecework no overtime' system." App. 51a.
Under that pay scheme, "such employees were
being paid a certain amount for each 'piece' of work
they performed pursuant to a schedule, [but were]
not being paid time and one-half their 'regular
hourly rate' for work in excess of 40 hours a week."
App. 51a. As the complaint further explained,
under the "*de facto* compensation system,"
Respondents "would produce certain false and
misleading payroll records indicating that . . .
proper overtime or some measure of overtime was
being paid to [Petitioner] and those similarly
situated when, in fact, no such overtime was being
paid whatsoever." App. 51a. To accomplish this
scheme, "[Respondents] would falsely list certain
'overtime hours' and 'regular hours' and 'overtime
compensation' on [Petitioner's] . . . pay stubs." App.
52a. These paystubs were "inaccurate" and "based
upon completely fictitious and knowingly false

6

'regular rates' and 'hours worked' that were concocted by [Respondents]." App. 52a.

The complaint also alleges that Respondents forced Petitioner and other employees to work off the clock. From the complaint: "[Respondents] failed to pay [Petitioner and similarly situated employees] for all overtime hours that they worked . . . by requiring [Petitioner] and those similarly situated to [Petitioner] to record or otherwise certify that they were not working during periods of time that [Respondents] required and commanded them to work and when [Respondents] had actual knowledge they were so working." App. 52a.

2. The relevant substance of Rule 8 has remained unchanged since the Federal Rules were adopted in 1938: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Rule 8 supplanted the hyper-technical code pleading regime. Under the old rules, a pleader was required to plead "facts" rather than "conclusions." But the distinction proved utterly unworkable: "The pleading spectrum, passing from evidence through ultimate facts to conclusions, is largely a continuum varying only in the degree of particularity with which the occurrences are described." Weinstein & Distler, *Comments on Procedural Reform: Drafting Pleading Rules*, 57 Colum. L. Rev. 518, 520–521 (1957). The code pleading regime put tremendous "emphasis on the pleadings and . . . extensive related motion practice that served more to delay proceedings and less to expose the facts, ventilate the competing positions, or further adjudication on the merits." Arthur R.

7

Miller, *From* Conley *to* Twombly *to* Iqbal*: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1, 4 (2010) [hereinafter "Miller"].

Rule 8 emphatically rejected this approach. In its place, the Federal Rules created a pleading standard "that relied on plain language and minimized procedural traps." *Id.* at 4–5. Charles E. Clark, the principal architect of the Federal Rules, explained the justification for the change: "Experience has shown . . . that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function." Charles E. Clark, *The New Federal Rules of Civil Procedure: The Last Phase—Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure*, 23 A.B.A.J. 976, 977 (1937).

The Rules' liberal pleading standard was exemplified by the Second Circuit's decision in *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944). In that case, the pro se plaintiff alleged, in broken English, a series of grievances against a New York customs agent. *Id.* at 774. The plaintiff's complaint was poorly drafted and "failed to make any coherent legal presentation." Miller at 6. Charles E. Clark, then a sitting circuit judge, wrote for the court overturning the district court's dismissal of the case. *Dioguardi*, 139 F.2d at 774. Judge Clark reaffirmed that the Federal Rules required only "a short and plain statement of the claim showing that the pleader is entitled to relief" and did not require "facts sufficient to constitute a cause of action." *Id.* at 775. *See also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1220 (3d ed. 2004) [hereinafter "Wright & Miller"] (explaining that *Dioguardi*

8

illustrates the liberal pleading philosophy embodied in the Federal Rules).

For fifty years, the factual sufficiency of a complaint was measured against the standard this Court laid down in *Conley v. Gibson*, 355 U.S. 41 (1957). Under that standard, a pleading must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. Courts "must accept as true all the factual allegations in the complaint." *See United States v. Gaubert*, 499 U.S. 315, 327 (1991). And "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. 45–46. Thus, according to *Conley*, a complaint satisfied Rule 8 without "set[ting] out in detail the facts upon which [the claimant] bases his claim." *Id.* at 47.

This Court replaced *Conley*'s familiar "no set of facts" standard with a "plausibility" requirement in *Twombly* and *Iqbal*. *Twombly* and *Iqbal* both involved extraordinary allegations. The *Twombly* plaintiffs accused essentially the entire telecommunications industry of engaging in a nationwide antitrust conspiracy. The complaint alleged parallel conduct in the market, but asserted no facts demonstrating that the market actors had entered into an agreement. *Twombly*, 550 U.S. at 556. This Court stated that while "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," Rule 8 "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citations omitted). The complaint's "[f]actual allegations must be enough to

9

raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* The Court did "not impose a probability requirement at the pleading stage." *Id.* at 556. Rather, the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* The Court expressly disavowed "heightened fact pleading of specifics," requiring instead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The allegations in *Iqbal* were even more remarkable: the plaintiff accused several high level United States officials of conspiring to impose harsh conditions of confinement on Muslims following the September 2001 terrorist attacks because of Muslims' race, religion, and national origin. *Iqbal*, 556 U.S. at 667. *Iqbal* articulated a two-step process for evaluating the sufficiency of a complaint. First, courts must review each allegation in a complaint and exclude from consideration those allegations that are stated in a "conclusory" fashion. *Id.* at 680–81.[1] Second, courts must "consider the [remaining] factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*

Both before and after *Twombly* and *Iqbal*, this Court has frequently intervened when lower courts seek to impose heightened pleading regimes inconsistent with the Federal Rules. For example,

---

[1] The Court identified two statements—(1) that John Ashcroft was the "principal architect" of the alleged policy, and (2) that Robert Mueller was "instrumental" in adopting and executing it—which the Court deemed "conclusory" and "not entitled to be assumed true." *Id.* at 681.

10

in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, this Court observed "that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in [Section 1983 cases] with the liberal system of 'notice pleading' set up by the Federal Rules." 507 U.S. 163, 168–69 (1993). Similarly, in *Swierkiewicz v. Sorema N.A.*, this Court held that "the Court of Appeals' heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)." 534 U.S. 506, 512 (2002). *See also Hill v. McDonough*, 547 U.S. 573, 582 (2006) (unanimously rejecting the proposition that Section 1983 suits challenging a method of execution must identify an acceptable alternative because "[s]pecific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts").[2] These cases reflect the Court's frequent admonition that "adopting different and more onerous pleading rules to deal with particular categories of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts." *See Jones v. Bock*, 549 U.S. 199, 224 (2007).

Significantly, this Court has continued to pare back lower courts' attempts to impose heightened pleading standards—even after *Twombly* and *Iqbal*. The plaintiff in *Erickson v.*

---

[2] *Cf. Gomez v. Toledo*, 446 U.S. 635, 639–40 (1980) (rejecting a heightened pleading requirement requiring plaintiffs asserting Section 1983 claims to anticipate immunity defenses); *Crawford-El v. Britton*, 523 U.S. 574, 589 (1998) (rejecting a heightened pleading and proof requirement for Section 1983 plaintiffs asserting improper official intent).

11

*Pardus,* a prisoner, alleged that a liver condition resulting from hepatitis C required treatment that officials had "commenced but then wrongfully terminated, with life-threatening consequences." 551 U.S. 89 (2007). The lower courts had disregarded these allegations as "conclusory." *Id.* at 92. Citing *Twombly,* the Court reaffirmed that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (citing *Twombly,* 550 U.S. at 555). This Court held that "[i]t was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered [harm]," *id.,* and the court of appeals' contrary conclusion "depart[ed] in [a] stark . . . manner from the pleading standard mandated by the Federal Rules of Civil Procedure." *Id.* at 90. Most recently, in *Johnson v. City of Shelby, Miss.,* the Court summarily rejected the Fifth Circuit's heightened pleading requirement mandating dismissal of complaints failing to invoke Section 1983. 135 S. Ct. 346, 346 (2014). The Court reasoned that the "Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement," and reminded lower courts, once again, that "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 346–47 (citing Fed. R. Civ. P. 8(a)(2)).

3. Shortly after Petitioner filed his complaint, Respondents moved to dismiss. In their motion, Respondents asserted that Petitioner's allegations were "not true," and attached payroll

12

records purporting to show that Petitioner had been paid properly pursuant to the Department of Labor's piece rate regulations. App. 57a–58a. Respondents' motion did not address Petitioner's allegations that Respondents had falsified Petitioner's payroll records and "required and commanded" Petitioner to work off the clock without compensation. App. 52a. In his response brief, Petitioner reiterated the same payroll falsification and off-the-clock allegations from his complaint, stating "that foregoing allegations expressly allege a non-payment of overtime wages, and the facts supporting such claims. Nothing more is required under *Iqbal*." App. 69a.

The district court granted Respondents' motion to dismiss. The court discounted the facts asserted in the complaint as "general allegations," and held Petitioner had not stated a plausible claim because "[t]he complaint does not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages." App. 43a–44a (citing *Lagos v. Monster Painting, Inc.*, No. 2:11–CV–00331–LRH–GWF, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011)). The district court entered judgment in favor Respondents the same day.

Petitioner appealed, and the Ninth Circuit affirmed in a published opinion authored by Judge Rawlinson and joined by Judge Kleinfeld and Judge Gilman (sitting by designation). App. 1a.[3] The court surveyed the case law from outside the circuit, observing that there is "no consensus" among either

---

[3] All references to the Ninth Circuit's opinion refer to the court's amended opinion.

13

district or circuit courts "on what facts must be affirmatively pled to state a viable FLSA claim post-*Twombly* and *Iqbal*." App. 10a. After completing its survey, the court laid down a bright-line rule: "[A] plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." App. 16a. The court explained that a plaintiff must support that allegation with further factual development: "A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." App. 17a.

The court then reviewed the allegations in Petitioner's complaint, but dismissed them as "generalized allegations." App. 19a. The court concluded that Petitioner's "allegations failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." App. 20a (citations omitted).

This petition for a writ of certiorari follows.

## REASONS FOR GRANTING THE PETITION

I.  THIS COURT SHOULD GRANT REVIEW TO RESOLVE THE CONFLICT OVER WHETHER PLAINTIFFS SEEKING OVERTIME UNDER THE FLSA MUST SUPPORT THEIR ALLEGATIONS WITH DETAILED FACTS DEMONSTRATING THE TIME, PLACE, MANNER, OR EXTENT OF THEIR UNCOMPENSATED WORK.

14

This Court should grant review, for three fundamental reasons. First, the circuits and lower courts are in disarray. In the five years since *Twombly* and *Iqbal*, courts have become deeply mired in a state of confusion and disagreement over the breadth and scope of this Court's decisions. Second, the result reached by the panel is deeply flawed—inconsistent not only with the text of Rule 8, but with this Court's decisions in *Leatherman*, *Swierkiewicz*, *Twombly*, *Iqbal* and others. Third, the Question Presented is important and recurring. This case is not an isolated mistake, but rather a symptom of a larger problem: a civil pleading regime in disarray in the absence of further guidance from this Court.

## A. The Lower Courts Are In Disarray.

*Twombly* and *Iqbal* have been subjected to a storm of criticism from judges, practitioners, and experts in the field of Civil Procedure. Many have criticized the decisions as wrongly decided. *E.g.*, Miller at 16–17. But the most fervent criticism has faulted the Court for creating confusion by introducing subjective and imprecise language— "implausible" and "conclusory"—and failing to adequately reconcile the decisions with the full body of the Court's pleading jurisprudence. *See, e.g., Boykin v. Keycorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (Sotomayor, J.) (lamenting that "the appropriate standard for assessing the sufficiency of pleadings under Rule 8(a) is the source of some uncertainty in light of" *Twombly* and criticizing the Court for sending "mixed signals" in its decisions); *McCauley v. City of Chicago*, 671 F.3d 611, 622 (7th Cir. 2011) (Hamilton, J., dissenting) (criticizing "the new and subjective pleading standards" and observing that "lower federal court decisions

15

seeking to apply the new 'plausibility' standard
[have been] wildly inconsistent with each other,
and with the conflicting decisions of the Supreme
Court"); *Aktieselskabet AF 21. November 2001 v.
Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008)
(Brown, J.) (noting that "[m]any courts have
disagreed about the import of *Twombly*."); Miller at
18–34 ("[I]nconsistencies and uncertainties of
application have arisen, causing confusion and
disarray among judges and lawyers.").

### (1) *Twombly*, *Iqbal*, and pleading claims for overtime.

This confusion, of course, is not limited to
claims for overtime under the FLSA. But FLSA
claims provide a particularly illustrative case
study on the extent to which lower courts have struggled
in the wake of *Twombly* and *Iqbal*.

Section 207(a)(1) of the FLSA requires that
"for a workweek longer than forty hours," an
employee working "in excess of" forty hours shall be
compensated for those excess hours "at a rate not
less than one and one-half times the regular rate at
which [she or] he is employed." 29 U.S.C. §
207(a)(1).

Post-*Twombly* and -*Iqbal*, courts examining
FLSA complaints have divided into two groups: (1)
courts that still apply a notice pleading standard,
and (2) courts that apply a heightened pleading
standard. *See Davis v. Abington Mem'l Hosp.*, 765
F.3d 236, 241 (3d Cir. 2014) (citations omitted)
("The level of detail necessary to plead a FLSA
overtime claim poses a . . . difficult question—one
that has divided courts around the country.");
*Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662,
667 (D. Md. 2011) (recognizing that "courts across

16

the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA"). Even within the heightened pleading camp, however, there are significant variations in the extent to which courts require plaintiffs to plead specific, enumerated facts in order to state a claim.

The Eleventh Circuit's opinion in *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008), is generally cited as the leading example in the notice pleading group. The complaint in *Labbe* "allege[d] that [the defendant was] a covered employer," "provide[d] a listing of the specific names of the covered employees," and "allege[d] that since June 16, 2002, [the defendant] repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates." *Id.* at 763. In reversing the district court's dismissal of the complaint, the court observed that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Id.* And while the Secretary's "allegations [were] not overly detailed . . . a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more." *Id.* at 764. A majority of district courts—too numerous to cite—follow the Eleventh Circuit's approach, requiring nothing more than

17

Rule 8's "short and plain statement of the claim showing that the pleader is entitled to relief."[4]

---

[4] *See, e.g., Pope v. Walgreen Co.*, No. 3:14–CV–439, 2015 WL 471006, at *2-4 (E.D. Tenn. Feb. 4, 2015) (rejecting the assertion that the complaint must include "dates that any Plaintiff worked, . . . the store(s) that any Plaintiff oversaw while in that position, the number of overtime hours that any Plaintiff worked in any week, or . . . an estimate of any Plaintiff's weekly hours" and criticizing the panel decision in this case as "overly harsh and inconsistent with the requirements of Rule 8(a), *Iqbal* and *Twombly*"); *Houston v. JT Private Duty Home Care, LLC*, No. 2:14–cv–245–FtM–38DNF, 2014 WL 4854528, at *4 (M.D. Fla. Sept. 29, 2014) (allegations that the plaintiff was an employee of the defendant, that she worked in excess of forty hours per week for the defendant, and that the defendant failed to pay her at one and one half her regular hourly rate for all hours worked in excess of forty hours was sufficient to state a claim); *Mitial v. Dr. Pepper Snapple Group*, No. 11–81172–CIV, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) ("[R]eject[ing] Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. . . . [the] FLSA does not require more."); *Martinez v. Regency Janitorial Servs. Inc.*, No. 11–C–259, 2011 WL 4374458, at *3 (E.D. Wis. Sept. 19, 2011) (collecting cases and rejecting the argument that the complaint "must contain additional details such as what type of work was performed, the amount of time the plaintiffs were required to work, . . . where the plaintiffs worked, what shift they worked, the type of work they performed at each location, the specific dates of their employment, and specifically when and how they were denied overtime."); *Monroe v. FTS USA, LLC*, No. 2:08–CV–02100–BBD–DK, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008) (rejecting the argument that the plaintiff must allege specific weeks in

18

Other courts have imposed heightened pleading requirements on FLSA claims. In *Pruell v. Caritas Christi*, for example, the court held insufficient a complaint alleging that the plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" because their employer "require[d] unpaid work through meal-breaks due to an automatic timekeeping deduction, unpaid preliminary and postliminary work, and unpaid training sessions." 678 F.3d 10, 13–14 (1st Cir. 2012). The court agreed that the plaintiffs had "described a mechanism by which the FLSA *may have been violated*[,]" . . . but had failed to foreclose the possibility that plaintiffs "could still have been properly compensated under the FLSA[.]" *Id.* at 14. The court held the complaint deficient because it lacked examples of unpaid time, a description of work performed during overtime periods, and estimates of the overtime amounts owed. *Id.*

Other courts, including the panel below, have since followed and expanded on *Pruell*. The Second Circuit, in *Lundy v. Catholic Health System of Long Island Inc.*, first articulated the "particular week" rule: "[A] plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013). The plaintiff alleged she worked without pay through meal breaks, before and after her assigned shifts, and during trainings. *Id.* at 115. The court faulted the plaintiff for failing to identify the frequency with which she worked overtime, a "particular week" where she was denied overtime, the number of breaks she

---

which overtime was worked and the number of hours she was underpaid).

19

missed in a week, or the amount of uncompensated time she worked before and after her shifts. *Id.* The court conceded the plaintiff's complaint "theoretically put her over the 40-hour mark in one or another unspecified week (or weeks); but her allegations supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Id.*

The Ninth Circuit panel below gave *Twombly* and *Iqbal* their most muscular reading yet: requiring plaintiffs to "allege that [they] worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek[,]" and requiring plaintiffs to *further support those allegations* "by estimating the length of [their] average workweek during the applicable period and the average rate at which [they were] paid, the amount of overtime wages [they] believe[] [they are] owed, or [asserting] any other facts that will permit the court to find plausibility." App. 17a.[5]

The Third Circuit, although professing to follow *Lundy*, has adopted something more akin to a "heightened pleading light" standard for FLSA claims. Citing *Lundy*, the Third Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours."

---

[5] A minority of district courts have similarly imposed heightened pleading requirements in FLSA cases. *See, e.g., Lagos,* 2011 WL 6887116, at \*2 (requiring FLSA complaints to assert factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, and the amount of unpaid overtime wages).

20

*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014). Unlike *Lundy*, however, the Third Circuit concluded that a plaintiff could meet this standard by simply alleging "she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . she worked during one or more of *those* forty-hour weeks," without the further factual enhancement required by the Second Circuit. *Id.* at 243 (emphasis in original).

### (2) *Twombly*, *Iqbal*, and confusion generally.

Lower courts' wildly inconsistent application of *Iqbal* and *Twombly* is not a feature unique to overtime claims; it is symptomatic of a larger problem: courts' inability to reach any consensus on the state of this Court's pleading jurisprudence.

Courts are split on whether *Swierkiewicz* remains good law. *Compare Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("The Supreme Court's subsequent decisions in *Twombly* and *Iqbal* did not alter its holding in *Swierkiewicz*."), *with Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 n.7 (3d Cir. 2009) ("[B]ecause *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz* . . . .").

Some courts suggest *Twombly* and *Iqbal* are limited to "expensive, complicated litigation." *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488–89 (6th Cir. 2009). Others have suggested that "[t]he required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citations omitted). Yet others reject these same

21

propositions. *See West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) ("*Iqbal* made clear that Rule 8's pleading standard applies with the same level of rigor in "'all civil actions.'").

Courts are split over whether the form complaints contained in the Federal Rules remain valid. *Compare Doe v. Butte Valley Unified Sch. Dist.*, No. CIV. 09-245 WBS CMK, 2009 WL 2424608, at *8 (E.D. Cal. Aug. 6, 2009) (calling into question whether, after *Iqbal*, the form complaints are still sufficient), *with Aktieselskabet*, 525 F.3d at 16–17 (reversing the district court's dismissal and reaffirming that the forms still "suffice under [the] Rules"), *and Hamilton v. Palm*, 621 F.3d 816 (8th Cir. 2010) (Loken, J.) (same).

The best and brightest judges in the country cannot agree on the resolution of simple, run-of-the-mine discrimination claims. *Compare, e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (Wood, J., joined by Easterbrook, J.) (holding that where a plaintiff alleges racial discrimination in lending and identifies the allegedly discriminatory bank and transaction—and nothing more—the plaintiff has stated a valid claim) *with id.* at 407 (Posner, J., dissenting) (concluding that the same "plaintiff has an implausible case of discrimination").

The primary source of confusion, however, remains *Twombly* and *Iqbal*'s subjective and poorly-defined fact-conclusion dichotomy and "plausibility" standard. As described by Professor Miller:

The fact–legal conclusion dichotomy presented by *Twombly*'s first step is

22

shadowy at best. Worse, the categories are likely to generate motion practice unrelated to the merits. Moreover, it is precisely what the drafters of the original Rules intentionally rejected as counterproductive and sought to eliminate by substituting "short and plain" and "claim for relief" for any reference to the troublesome code categories of "facts," "conclusions," "evidence," and "cause of action."

Miller at 24 (citing 5 Wright & Miller §§ 1215–1218 (discussing the pleading requirements of Rule 8); Walter Wheeler Cook, *Statements of Fact in Pleading Under the Codes*, 21 Colum. L. Rev. 416 (1921) (noting that there is no logical distinction between categories such as "statements of fact" and "conclusions of law")).

Determining what allegations count as "conclusory" or "plausible" depends a great deal on who you ask. *See* Alex Reinert, *Pleading as Information-Forcing*, 75 Law & Contemp. Probs. 1, 10–15 (2012) (canvassing the case law and citing examples of courts' inconsistent treatment of allegations of "disability," "dangerousness," "bribery," "acting under the color of law," "corporate status," whether a person "knew" or was "aware" of a particular fact, "the existence of a contract," and "deliberate indifference" among others). To illustrate the "highly subjective" nature of the fact-conclusion dichotomy, Judge Hamilton on the Seventh Circuit applied *Iqbal*'s analysis to the complaint filed in *Brown v. Board of Education*, 347 U.S. 483 (1954) and concluded that "it would be easy to argue that the plaintiffs in *Brown* failed to state a plausible claim for relief that could survive

23

dismissal." *See McCauley*, 671 F.3d at 627 (Hamilton, J., dissenting).

Five years after *Twombly* and *Iqbal*, this Court's guidance is needed more than ever.

## B. The Ninth Circuit's Decision Conflicts Irreconcilably with the Federal Rules and the Decisions of this Court.

This Court's review is necessary for a second reason: the Ninth Circuit's decision below conflicts with the Federal Rules and this Court's decisions, including *Leatherman*, *Swierkiewicz*, *Twombly*, *Erickson*, *Iqbal* and others.

Petitioners' complaint plainly and palatably asserts "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The pleading identifies Petitioner as "an employee" who "worked more than 40 hours per week for [Respondents.]" App. 48a, 54a. It alleges Respondents would "produce" false and misleading payroll records. App. 51a. It alleges "[Respondents] would falsely list certain 'overtime hours' and 'regular hours' and 'overtime compensation' on [Petitioner's] . . . pay stubs[,]" and further alleges his paystubs were "inaccurate" and "based upon completely fictitious and knowingly false 'regular rates' and 'hours worked' that were concocted by [Respondents]." App. 52a. The complaint also alleges that "[Respondents] failed to pay [Petitioner] for all overtime hours that [he] worked" by "requiring" Petitioner "to record or otherwise certify that [he was] not working during periods of time that [Respondents] required and commanded

24

[him] to work and when [Respondents] had actual knowledge [he was] so working." App. 52a.

In affirming the dismissal of Petitioner's complaint, the Ninth Circuit made several fundamental errors. It disregarded the bedrock principle that a pleading must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 513 (citing *Conley*, 355 U.S. at 47). Petitioner's allegations provided clear notice of his overtime claim and the grounds—payroll falsification and off-the-clock work—on which it rests.

The court erred again in characterizing Petitioner's factual assertions as "generalized allegations." App. 19a. Petitioner's complaint does not contain "labels and conclusions, [or] a formulaic recitation of the elements of a cause of action" as described in *Twombly*, 550 U.S. at 555. Petitioner's allegations—that Respondents "produced" and "concocted" false payroll records, "required" and "commanded" Petitioner to work off the clock, and "requir[ed]" Petitioner to "certify" that he was not working during periods of time when Respondents "had actual knowledge" he was working—*they are facts*, entitled to be accepted as true. *See Erickson*, 551 U.S. at 93 ("It was error" for the court of appeals to discount the numerous factual allegations "concerning harm caused petitioner by the termination of his medication [as] too conclusory to establish for pleading purposes that petitioner had suffered [harm]."); *Iqbal*, 556 U.S. at 678 (only "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" should be cast aside as conclusory).

25

What is more, the court erred a third time because the facts alleged in Petitioner's complaint "raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. *Twombly*, 550 U.S. at 556. Here, assuming Petitioner cannot prove his allegations through direct testimony, materials produced in discovery—for example Petitioner's schedule, work logs, and pay stubs— would easily confirm (or refute) the substance of Petitioner's allegations.

The court erred a fourth time in requiring "specific facts" above and beyond the "short and plain statement" required by the Federal Rules. As this Court has repeatedly admonished, "[s]pecific facts are not necessary." *Erickson*, 551 U.S. at 93; *Iqbal*, 556 U.S. at 678 ("Rule 8 does not require detailed factual allegations"). Indeed, the facts mechanically required by the court in all FLSA overtime cases—an allegation of uncompensated overtime tied to a particular week, and estimate of the length of Petitioner's average workweek, the average rate at which Petitioner was paid, the amount of overtime wages Petitioner believes he is owed, App. 17a,—exceed what Petitioner "may ultimately need to prove to succeed on the merits." *Swierkiewicz*, 534 U.S. at 512; *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (when an employer fails to keep accurate time records reflecting hours of work, a plaintiff may "show the amount and extent of that work as a matter of just and reasonable inference").

By requiring more than the short and plain statement required by the Rules, the court below improperly created a heightened pleading standard for FLSA overtime cases, something this Court has repeatedly held incompatible with the Rules' notice

26

pleading requirement. *Leatherman*, 507 U.S. at 168–69; *Swierkiewicz*, 534 U.S. at 512.

The Ninth Circuit's decision cannot be squared with the Federal Rules of Civil Procedure. Moreover, the court's decision demonstrates a fundamental misunderstanding and misapplication of this Court's teachings in *Leatherman*, *Swierkiewicz*, *Twombly*, *Erickson*, and *Iqbal*. Review is warranted to correct these errors and to provide sorely needed guidance to courts and parties moving forward.

## C. The Question Presented Is Important and Recurring.

This case is not an isolated occurrence. A substantial number of courts, armed with *Twombly* and *Iqbal*'s plausibility standard, have systematically undermined this Court's notice pleading jurisprudence—with important consequences the more than 300,000 civil cases filed each year in federal courts. "The cumulative effect of these . . . developments . . . come at the expense of access to the federal courts and the ability of citizens to obtain an adjudication of their claims' merits." Miller at 14. Courts, practitioners, and citizens would benefit greatly from further guidance from this Court.

## CONCLUSION

Petitioners respectfully request that this petition for a writ of certiorari be granted to review the judgment and opinion of the Court of Appeals for the Ninth Circuit.

27

Respectfully submitted.

Adam W. Hansen
   *Counsel of Record*
Paul J. Lukas
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 256-3207
ahansen@nka.com

Leon Greenberg
Leon Greenberg
Professional Corporation
2965 South Jones Blvd
Suite E4
Las Vegas, NV 89146
(703) 383-6085

February 10, 2015